Chancellor Walies,
I think the claim of the petitioner is a just one, and comes within the general rule adopted by the court on the subject. An entire interest, which only accrues at particular periods, cannot be apportioned, because it is not sus-ceptable of any intermediate division, and therefore it was necessary in England to provide by a positive statute for the apportionment of rent. But it appears from all the cases which have been referred to, that wherever an interest is daily *67 accruing, it may be apportioned; as in the case of interest on a bond, which accrues de die in diem. (Banner, vs. Lowe, 13 Ves. 135) So when the fund is provided for maintenance, which is still more favored. “ This (says the court in Hay, vs. Palmer, 2 P. W. 503) is a stronger case than that of interest, for it is for daily support.” The present claim is of that nature, it is expressly declared by the deed of Mrs. Cosslett, that the dividends on the stock settled, were intended as maintenance, and there is reason to believe that the advances made by the petitioner to his testator were on the credit of them. They were the only funds on which the testator depended for subsistence and they were daily accruing; for although payable only half yearly, yet they arose out of the daily profits of the bank, which might be ascertained at any intermediate time. It is therefore ordered and decreed, that it be referred to the commissioner to ascertain the amount of the dividends which had accrued at the time of the death of the petitioner’s testator, on the stock settled on him for life, and that the same be paid to the petitioner as his executor.
. On appeal, GrimUe for the appellents argued that there could be no apportionment in such a case, and cited 3 Atk. 503: Amb. 279; 2 Ves. 672. Decree affirmed by the whole court.